JOE KESSLER, Appellant, *v.* BEN FLIGEL, Respondent.*

First Department, February 23, 1934.

---

*Lawrence Kovalsky* of counsel [*David Goldstein* with him on the brief; *Goldstein & Goldstein*, attorneys], for the appellant.

*Samuel M. Rivelson*, for the respondent.

O'MALLEY, J.   The question presented is whether a judgment in an equity suit against the plaintiff in his individual capacity, in favor of a corporation of which the defendant was president, may be pleaded by the latter as an estoppel by judgment.

The complaint sets forth two causes of action.   The first alleges that the defendant wrongfully and falsely accused plaintiff of having committed the crime of coercion and of having arrested him without warrant or other legal process; the second, that the defendant maliciously and without reasonable or probable cause prosecuted plaintiff for such crime in the Magistrate's Court, which prosecution terminated in favor of the plaintiff.

The first amended answer contained an affirmative defense in bar of *res adjudicata*.   It alleged that in a former action in the Supreme Court wherein a corporation was plaintiff and the plaintiff herein one of the defendants, a judgment in favor of the corporation had been rendered, the decision in which contained a finding of coercion on the part of the plaintiff.   The defendant sought to avail himself of such judgment by alleging that he was an officer, a representative of, and in privity with the corporation.

The sufficiency of this defense in the first amended answer was tested by motion under rule 109 of the Rules of Civil Practice.   In holding the defense insufficient, the learned justice at Special Term stated that the equity judgment was unavailable to this defendant as an estoppel by judgment.   This conclusion was predicated upon the ground that there was not mutuality of estoppel, since the defendant would not have been bound by an adverse judgment against the corporation of which he was an officer.   It was further found, however, that the defense as pleaded was insufficient, in that it failed to allege that plaintiff was guilty of coercion, or that the coercion referred to in the findings of fact in the equity suit were the same acts of coercion referred to in the complaint.

We are of opinion that since this decision did not proceed solely upon the ground that the equity judgment was not *res adjudicata*, and since it also gave leave to plead anew, the defendant was not precluded from realleging such defense because of his failure to appeal. The justice at Special Term, therefore, was not bound by the former decision when the present motion addressed to a like defense in the second amended answer was made. We, therefore, consider the sufficiency of the defense upon the merits.

As now pleaded the defense contains allegations that plaintiff was adjudged guilty of certain specific acts of coercion in the equity judgment and that these embraced the acts of coercion prosecuted in the Magistrate's Court. In the circumstances now presented we are of opinion that the defense is insufficient. A judgment in one cause of action is conclusive in a second only when the subsequent action is between the same parties or their privies. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Bigelow* v. *Old Dominion Copper Co.*, 225 U. S. 111, 128; 34 C. J. 526.) In *Bigelow* v. *Old Dominion Copper Co.* (*supra*) Mr. Justice LURTON said: "What is privity? As used when dealing with the estoppel of a judgment, privity denotes mutual or successive relationship to the same right of property."

The defense does not allege that the defendant was a party to the equity action which terminated in favor of the corporation of which he was an officer. In our opinion he may not be said to have been in privity with the corporation, though actively engaged as its president and principal representative in prosecuting the equity action. Successive relationship to the same right was not present. (*Bigelow* v. *Old Dominion Copper Co.*, *supra; Sutphen* v. *Morey*, 214 App. Div. 164, 174.)

So, too, the customary essential in *res adjudicata*, the element of mutuality, is lacking. The defendant would not have been bound by an adverse judgment against the corporation in the equity suit. Hence, he may not avail himself of his corporation's successful suit. (Freeman Judgments [5th ed.], § 428, p. 929 *et seq.*) Mutuality and privity have been held not to exist in cases of judgments affecting solely corporations or their officers or trustees with respect to each other. (*Assets Realization Co.* v. *Howard*, 70 Misc. 651; affd., 152 App. Div. 900; 211 N. Y. 430; *Spitz* v. *Brooks & Son, Inc.*, 210 App. Div. 438; *Williamson* v. *Casa-Eguia*, 226 id. 195; revd., on other grounds, 253 N. Y. 41; *Miller* v. *White*, 50 id. 137; Freeman Judgments, *supra*, § 512, p. 1102 *et seq.*) If the sole stockholder of a corporation is not in privity with it and the corporate entity may not be disregarded, still less, as here, should it be held that an officer of the corporation is in privity therewith

and that a judgment in favor of the latter should inure to the defendant in his individual capacity.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion granted, with ten dollars costs.

FINCH, P. J., MARTIN, TOWNLEY and GLENNON, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.