HARRY L. BISNOFF, Respondent, *v.* ANTON HERRMANN, Appellant.

Second Department, December 2, 1940.

*Patrick E. Gibbons,* for the appellant.

*Samuel Zamzok,* for the respondent.

HAGARTY, J. This is a negligence action, commenced on the 6th day of October, 1938, in the Supreme Court, Queens County, by service of a summons and complaint upon defendant. In the complaint plaintiff alleged, in substance, that on the 18th day of September, 1938, an automobile owned by one Nelson and operated by one Sadie N. Bisnoff, in which plaintiff was a passenger, came into collision with an automobile owned by defendant, resulting in personal injuries to plaintiff due to the negligence of defendant, his agents, servants or employees. After issue was joined by the service of an answer on the 4th day of November, 1938, and on or about the 22d day of April, 1940, plaintiff moved for an order granting leave to serve a supplemental complaint, which motion was granted by the order under review.

The proposed supplemental complaint, annexed to the moving papers, contains allegations to the effect that, subsequent to the commencement of this action, an action was commenced against the present defendant, in the Municipal Court of the City of New York, to recover property damage sustained by Nelson and damages for personal injuries sustained by Sadie N. Bisnoff, the operator, and by two passengers in the Nelson automobile; that the trial of the issues on the 22d day of December, 1938, resulted in an adjudication that the defendant here, as well as Sadie N. Bisnoff, the driver of the Nelson automobile, were guilty of negligence in the operation of their respective vehicles, and judgment against the defendant was granted in favor of the passengers accordingly; that, therefore, it having been adjudicated that defendant was guilty of negligence in causing the injuries and damages which are the basis of this action, the defendant is estopped from questioning the validity of such adjudication, and plaintiff is entitled to judgment against defendant for the damages sustained by him.

Thus, in effect, it is urged that an adjudication of negligence against defendant in an action by plaintiff's fellow-passengers establishes liability of defendant in this case as a matter of law, even though plaintiff was not a party to the former action. *Good*

*Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14), relied upon by respondent, is not authority supporting such a claim. The decision in that case is that, *as a defense,* an owner or operator may rely upon a judgment adjudicating that the other of them was not negligent.

In an action instituted against an owner of an automobile, which results in a judgment in favor of defendant, and where the same plaintiff thereafter institutes an action against the operator, the prior judgment is a bar. (*Wolf* v. *Kenyon,* 242 App. Div. 116.) Judgment for defendant in an action against the operator inures to the benefit of an owner who is subsequently sued by the same plaintiff. (See *Haverhill* v. *International Railway Co.,* 217 App. Div. 521, 523, and cases there cited; affd., 244 N. Y. 582.)

On the other hand, even though owner or operator may invoke a former adjudication in an action brought against the other, as the case may be, he is not bound by a prior adverse determination in an action in which he was not a party. Thus, if an owner is defeated in an action brought by him for property damage, that judgment may not be invoked by the same defendant in an action brought against him by the operator. (*Chadburn* v. *K. Industrial Corp.,* 255 App. Div. 789.) And if the operator is defeated in an action for personal injuries, the owner is not bound by the result and precluded from prosecuting an action against the same defendant for property damage. (*Good Health Dairy Products Corp.* v. *Emery, supra.*)

In the *Good Health Dairy* case (*supra*) it was held that the owner of an automobile could invoke a determination in an action in which her operator was a party, as a defense to an action commenced against her. It was recognized that this holding constituted an exception to the rule of mutuality, but was held justified because of the relationship existing between owner and operator, who are both liable, one derivatively, for the same tort. The holding in *Portland Gold Mining Co.* v. *Stratton's Independence* (158 Fed. 63, 68, 69) was relied on, to the effect that an exception to the rule of mutuality exists where " * * * if the defendant's responsibility is necessarily dependent upon the culpability of another, who was the immediate actor, and who, in an action against him by the same plaintiff for the same act, has been adjudged not culpable, the defendant may have the benefit of that judgment as an estoppel, even though he would not have been bound by it had it been the other way." The purpose of the exception is to prevent injustice " which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit " and its application is restricted to a relationship akin

to that of principal and agent, master and servant, or indemnitor and indemnitee. (*Bigelow* v. *Old Dominion Copper Co.*, 225 U. S. 111, 128.)

To permit the judgment in question here to be invoked would extend the doctrine enunciated in the *Good Health Dairy* case (*supra*) beyond its scope and in direct violation of the holding in *Haverhill* v. *International Railway Co.* (*supra*). In the latter case a truck collided with a street car. The driver of the truck recovered judgment against the railway company. It was held at the trial of a subsequent action by the truck owner against the railway company that the prior judgment against the same defendant was *res judicata* and required a verdict for plaintiff. The consequent judgment for the owner was reversed, the Fourth Department, DAVIS, J., writing, holding that the prior judgment in favor of the driver did not constitute a basis for recovery by the owner, since there was neither identity of the parties nor identity of the subject-matter and the estoppel claimed to arise out of the judgment in the prior action was not mutual. Between these cases there is no inconsistency. The holding of the former is that a prior judgment may constitute a defense, while the determination of the latter is that recovery may not be predicated upon such a prior judgment.

Where, as here, there is no privity or relationship approximating privity, a judgment cannot be *res judicata*, even as a defense, in favor of one who was not a party and who would not have been bound had the judgment been adverse. (*Rudd* v. *Cornell*, 171 N. Y. 114, 127, 129; *Neenan* v. *Woodside Astoria Transp. Co.*, 261 id. 159; *Kessler* v. *Fligel*, 240 App. Div. 232, 234.) The defendant is entitled to a trial of the issues of negligence and of contributory negligence, irrespective of what happened in some other action brought by another party.

The granting of the motion to supplement the complaint would serve no useful purpose.

The order should be reversed on the law, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

LAZANSKY, P. J., and ADEL, J., concur; CARSWELL and TAYLOR, JJ., dissent and vote to affirm with the following memorandum: The defendant's negligence was adjudicated in the Municipal Court action. Moreover, the sufficiency of the supplemental complaint as to this phase should not be passed upon on a motion such as this, under long-settled authority that parties should, in advance of trial, have the greatest latitude in framing their pleadings so as to evolve the issues the parties wish to present.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.