MURIEL GOODMAN, Respondent, *v.* HERMAN KIRSHBERG, Appellant, Impleaded with WILLIAM GOODMAN, Defendant.

First Department, February 7, 1941.

*John J. Stewart* of counsel [*Edward M. Fuller*, attorney], for the appellant.

*Barnett E. Kopelman* of counsel [*Seymour H. Kopelman* with him on the brief], for the respondent.

COHN, J. This action is brought to recover damages for personal injuries. The complaint alleges that on August 8, 1938, in Schuyler county, N. Y., while plaintiff was a passenger in an automobile owned by defendant Kirshberg and operated by defendant Goodman, the car collided with a motor vehicle owned and driven by one Horace P. Perkins, an employee of The Texas Company, causing injury to plaintiff for which she seeks damages. The complaint also set forth (¶ " 6 ") that the collision was caused solely by the negligence of defendant Kirshberg and his employees and without any negligence on the part of plaintiff or of Horace P. Perkins.

In paragraphs " 7," " 8," " 9," " 10 " and " 12 " of the pleading, plaintiff states also that after the accident Perkins sued Kirshberg for property damage; that thereafter Kirshberg brought an action against Perkins and his employer, The Texas Company, for personal injuries and damage to his automobile; that both of these actions were consolidated, were tried together and resulted in a judgment entered upon a verdict for Perkins and The Texas Company in the action brought against them by Kirshberg, and in favor of Perkins on his claim for damages against Kirshberg. It is further alleged in the enumerated paragraphs that the judgment conclusively adjudicated that the collision occurred through the negligence of Kirshberg in the operation of his automobile and without any negligence or contributory negligence on the part of Perkins.

The purpose of the aforementioned allegations, according to plaintiff, is to show an adjudication of defendant's negligence in the operation of his automobile as a result of which plaintiff was injured. Proof thereof, however, would not be admissible on the trial because the judgment in the consolidated action is not *res judicata* of any issues to be decided in the case at bar. In the prior suit there was no controversy between the present plaintiff and the present defendants. Nor is there existing between plaintiff and Perkins any privity, or relationship approximating privity. Hence, the adjudication that Perkins was free from negligence and that defendant Kirshberg was negligent, in no way accrues to the benefit of plaintiff in this suit. Defendants here are entitled to contest each and every element that enters into the cause of action of this plaintiff. No such opportunity was afforded defendants in the prior action since there were no issues created between this plaintiff and these defendants in the former suit.

A pertinent statement on the subject by the Court of Appeals is to be found in the recent case of *Elder* v. *New York and Penn-*

*sylvania Motor Express, Inc.* (284 N. Y. 350), where the court, by FINCH, J., said: " When issues on the same subject-matter have once been settled by litigation between the same parties or their privies, before a court of competent jurisdiction, and the estoppel of the judgment is mutual, that is to say that the other party would be bound if the original decision had been to the contrary, then in the interest of reasonable finality of litigation that decision should be conclusive. A well-recognized ' apparent exception to this rule of mutuality ' exists where liability for the fault of an agent or servant or indemnitee is asserted against a principal, master or indemnitor. In such case where there has been a prior judgment in favor of the agent, servant or indemnitee rendered in an action brought against him by the same plaintiff, such judgment destroys the basis of liability asserted against the principal, master or indemnitor and constitutes a complete defense to the action thereafter brought against him. (*Bigelow* v. *Old Dominion Copper Mining & Smelting Co.*, 225 U. S. 111, 127.) We followed that principle in *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14)."

We think that the Special Term should have granted the motion to strike out paragraphs " 7," " 8," " 9," " 10 " and " 12 " of the complaint as well as the allegation in paragraph " 6 " thereof to the effect that Perkins was not guilty of contributory negligence. These allegations are all irrelevant and proof of them would be inadmissible. To allow them to remain would mean that plaintiff could bring before the jury matters which form no part of plaintiff's case and which obviously would prejudice the fair trial of the action. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121, 123; *Isaacs* v. *Salomon*, 159 App. Div. 675, 676; *Newton* v. *Livingston County Trust Co.*, 231 id. 355, 361.)

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the defendant-appellant to answer within ten days after service of order.

MARTIN, P. J., O'MALLEY, TOWNLEY and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted, with leave to the defendant-appellant to answer within ten days after service of order.