**THIERFELD et al. v. POSTMAN'S FIFTH AVENUE CORPORATION et al.**

District Court, S. D. New York.

Feb. 11, 1941.

Louis Barnett, of New York City (Albert T. Scharps, of New York City, of counsel), for plaintiffs.

S. S. Goldsmith, of New York City, for defendants.

CONGER, District Judge.

Plaintiff has made two motions, one to strike out certain denials as sham, and the other to strike out affirmative defenses and a counterclaim from the answer.

Defendants urge that these motions are not timely, and must be denied. The contention is that, pursuant to Federal Rules of Civil Procedure, rule 12(f), 28 U.S.C.A. following section 723c, the motion must be "made" within 20 days after the service of the pleading to which it is addressed, and that "made" means actually presented to the court. I do not agree with defendants. Rule 12(a), F.R.C.P. provides that "service" of a motion automatically extends time for the service of any responsive pleading. Service here was on the 20th day and therefore timely. 1 Moore's Federal Practice, pp. 391, 392, 639.

The first motion is to strike out certain denials. In paragraph 6 of the answer defendant Levine denies that a contract was made. Plaintiffs' counsel has submitted an affidavit that to his knowledge the contract was made. Defendant counters with an affidavit again denying it. I cannot, therefore, say that the denial is sham. Defendant also denied that its use of the word "Corde" was without plaintiffs' consent. This, I think is proper, because failure to do so might be tacit admission of the validity of plaintiffs' mark, a fact disputed by the defendant. I think defendant properly denied that its bags were of same descriptive qualities as those set out in plaintiffs' registration, because none are there set out.

The first motion is, therefore, denied.

The second motion is addressed to the affirmative defenses, numbered first to fourth, and to the fifth which is pleaded as a counterclaim.

The gist of the claim in suit is trademark infringement and unfair competition. Plaintiffs' claim ownership of the word "Corde", registered under the 1920 Trade Mark Act, 15 U.S.C.A. 121 et seq., and applicable to handbags. Continuous use since 1934 is alleged, and, since 1938, use of the statutory legend is asserted. It is averred that the word has acquired a secondary meaning. The complaint then states that the defendant Plymouth has infringed and continues to infringe, after notice, and with knowledge of prior use by plaintiffs, and that defendant Postman's has sold the infringing bags with knowledge of plaintiffs' rights and without their consent.

The first complete defense asserts at length that the plaintiffs' mark is descriptive and incapable of exclusive appropriation. Defendants contend that the defense is good because it raises a factual question as to whether the plaintiffs' mark has acquired a secondary meaning. Under the doctrine of Armstrong Paint & Varnish Works v. Nu-Enamel Corp., 305 U.S. 315, 59 S.Ct. 191, 83 L.Ed. 195, a word may be registered under the 1920 Act, and is entitled to protection if it has acquired a secondary meaning. I think this defense is good. In order to become entitled to protection, a secondary meaning must be established, and it is not inferred from the registration alone. Armstrong Paint & Varnish Works v. Nu-Enamel Corp., supra; Rouss, Inc., v. Winchester, 2 Cir., 300

F. 706, certiorari denied 266 U.S. 607, 45 S.Ct. 92, 69 L.Ed. 465; Kellogg Co. v. National Biscuit Co., 2 Cir., 71 F.2d 662. Facts pleaded to negative title and exclusive use are a good defense. And the defense need not be stricken because it might be raised under a general denial. I construe this as a defense interposed by defendants to plaintiffs' claim that although their trade-mark is descriptive, it is still valid because it has acquired a secondary meaning.

The second complete defense, in essence, is one of estoppel, or laches amounting to an estoppel. It is stated therein that the plaintiffs' mark has been used as a common word for many years by manufacturers and by fashion writers to describe certain types of merchandise and embroidery; that such use was without plaintiffs' consent, but that plaintiffs never objected and thus tacitly recognized legal right in others to use the mark. It is claimed that therefore plaintiffs are estopped from asserting its rights against these defendants.

■■■■ This defense appears sufficient to establish an estoppel, or at least to prove "loss of distinctiveness", which is a good defense. Saxlehner v. Eisner & Mendelson, 179 U.S. 19, 21 S.Ct. 7, 45 L.Ed. 60. It is impossible to say that an estoppel could not be spelled out. Plaintiffs' contention that the facts pleaded do not constitute a good defense is erroneous. Furthermore there is no doubt but that the defense of estoppel or laches must be affirmatively pleaded. Rule 8 (c), F.R.C.P. This defense, therefore, should not be stricken.

In the third complete defense it is asserted that the plaintiffs have always represented that their handbags, bearing their mark, are made from corded fabric, but that at the present they are using the mark on bags not so made, in order to deceive the public and the trade.

■■■■ Plaintiffs contend that this defense is insufficient to establish "fraud", and hence should be stricken. On the argument however, defendants' counsel characterized this defense as one of "unclean hands". Plaintiffs' attorney rejoined that if the court's opinion stated this "concession" by defendants, plaintiffs would withdraw their objections. This opinion, therefore, so states, and I shall consider the objections withdrawn.

The fourth defense is stated to be partial and is one of res judicata. It is alleged

that, previously, plaintiffs sued a third person in the state court for the same relief as here; that defendants there set up the same defenses as the defendants in the instant case, and that judgment there was for the defendants. It is further stated that the state court found that the use of the trade-marks (same as here) by defendants was not unfair competition; was not an infringement; that the plaintiffs' mark is merely descriptive and had not acquired a secondary meaning. It is asserted that, as to these matters, at least, the state court judgment is res judicata.

■■■■ Defendant cites Good Health Dairy Products Corp. v. Emery, 275 N.Y. 14, 9 N.E.2d 758, 112 A.L.R. 401, in support of the above. I find it not analogous to this case, and therefore not controlling. I think the law to be correctly stated in Rudd v. Cornell, 171 N.Y. 114, 63 N.E. 823, 828, as follows: " * * * It is only a final judgment upon the merits which is competent as evidence, and conclusive in a subsequent action between the same parties or their privies * * *". See, also, Bisnoff v. Herrmann, 260 App. Div. 663, 23 N.Y.S.2d 719, decided Dec. 2, 1940.

■■■■ In as much as it is conceded here by the defendants that they were neither parties nor privies to the state court suit, that judgment cannot bind this court. This defense should be stricken.

■■■■ The fifth complete defense is pleaded as such and also by way of counterclaim. Examination thereof, however, indicates that it is not a defense, but is simply a counterclaim. By virtue of Rule 8(c), F.R.C.P. I will treat it as such.

It is stated therein that "Corde" is a well known type of embroidery which is also known by similar sounding words; that such words have been commonly and extensively used in France and in the United States to describe it; that for many years plaintiffs' trade mark has been publici juris, used by defendants and others and is considered a common word; that plaintiffs, with knowledge of the above, appropriated the word, registered it under the 1920 Act, claim exclusive rights thereto, and wrongfully threaten defendants, and defendants' customers and others with suit, etc. It is alleged that this amounts to unfair competition and intimidation; that plaintiffs unfairly profit thereby, and that

defendants are damaged. Defendants demand dismissal of the complaint, cancellation of plaintiffs' mark, injunction and costs.

▮▮▮ The plaintiffs' main contention, and the only one which need be considered at length, is that under the 1920 Act the defendants' only remedy to secure cancellation is a proceeding in the Patent Office, and that this court lacks jurisdiction over the counterclaim. Defendants, on the other hand, claim that there is concurrent jurisdiction in the Patent Office and in this court, citing Corning Glass Works v. Robertson, 62 App.D.C. 130, 65 F.2d 476. That case dealt with a situation where there were interfering trade-marks, and it seems clear that in such an instance concurrent jurisdiction exists. Defendants argue that by analogy jurisdiction should be in this court to deal with an instance like the present, where there are no interfering marks, and, in any event, they are entitled to injunctive relief, regardless of their right to cancellation. It seems unreasonable to permit plaintiffs to sue defendants for infringement, and by the same token refuse defendants plea for counter-relief, based on the grounds that plaintiffs' claims are invalid. A registration under the 1920 Act may be collaterally attacked. Kellogg Co. v. National Biscuit Co., supra.

▮▮▮ It would seem that defendants have a claim for injunctive relief at least. By 15 U.S.C.A. § 103, Sect. 23, Act of 1905, there are preserved to either party all the remedies at law or in equity arising out of the wrongful use of a trade-mark that existed before the enactment of the statute. This provision is applicable to the instant case. 15 U.S.C.A. § 126, being § 6 of the 1920 Act. The right existed at common law to enjoin a person from wrongfully asserting title to a word which was public property, and from interfering with the business and rights of others. Glen & Hall Mfg. Co. v. Hall, 61 N.Y. 226, 19 Am. Rep. 278. Threatening defendants' customers with infringement suits, when done in bad faith would sustain the granting of an injunction. Warren Featherbone Co. v. Landauer, C.C., 151 F. 130.

▮▮▮ Finally it should be observed that under Rule 13(a), F.R.C.P. relating to compulsory counterclaims, the defendant is obliged to set out his claim in order to preserve it. And even if this were not the case, under Rule 13(b) a counterclaim is permissive.

Inasmuch as the defendants are entitled to some of the relief which they seek, it is unnecessary to decide now whether their claim for cancellation of plaintiffs' trademark could be granted.

Plaintiffs' motion to strike out the denials in paragraph six and nine of defendants' answer is denied. Plaintiffs' motion to strike out the affirmative defenses and the counterclaim in defendants' answer is granted as to the fourth defense, otherwise it is denied. Settle order on notice.