DONALD DUNNET, Respondent, v. SAMUEL S. LEVY, Appellant, and ARTHUR D. FRY, Defendant.

Second Department, March 3, 1941.

*Irving I. Goldsmith,* for the appellant.

*Joseph Haskell,* for the respondent.

PER CURIAM. This action was brought against the appellant and another defendant, respectively, the owner and the operator

of an automobile, to recover damages for personal injuries sustained by plaintiff because of the alleged negligence of defendant operator. The latter was driving the car with the owner's permission and as his agent, in the owner's absence. The operator defaulted in appearance and pleading. Issue was duly joined by the service of an answer on behalf of the owner. Upon the trial a verdict was directed in favor of plaintiff against both defendants. The court left to the jury only the assessment of damages. A verdict was returned in favor of plaintiff against both defendants. From the judgment entered thereon the owner, Samuel S. Levy, appeals.

The admission of liability on the part of the operator implicit in his default, as matter of law was not binding on the owner as between whom and the plaintiff the evidence presented questions of fact upon the subject of liability, which should have been submitted to the jury. The direction of a verdict against the appellant owner was error. (*Kramer* v. *Morgan*, 85 F. [2d] 96; *Bisnoff* v. *Herrmann*, 260 App. Div. 663, and *Elder* v. *New York & Pennsylvania Motor Express, Inc.*, 284 N. Y. 350.) The rulings in *Good Health Dairy Products Corp.* v. *Emery* (275 N. Y. 14) and *Byrne* v. *Hasher* (Id. 474) do not constitute authority supporting the direction of a verdict in the case at bar.

The judgment should be reversed on the law as to the appellant, Samuel S. Levy, and a new trial granted, with costs to appellant to abide the event.

LAZANSKY, P. J., HAGARTY, ADEL, TAYLOR and CLOSE, JJ., concur,

Judgment reversed on the law as to the appellant, Samuel S. Levy, and a new trial granted, with costs to appellant to abide the event.