## CHASAN v. MUTUAL FACTORS, Inc.

District Court, S. D. New York.
Feb. 22, 1943.

478

Levin & Weintraub, of New York City (Milton Mitwell, of New York City, of counsel), for trustee.

Archibald Palmer, of New York City (Samuel Masia, of New York City, of counsel), for defendant.

CAFFEY, District Judge.

If the court should agree with the plaintiff (and at the moment I make no committal) that all the allegations of the defense can be proved under the general denials in the answer, it would not follow that the defense must be stricken out. Rule 12(f) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, confers on the court power to strike from a pleading what is immaterial or impertinent; but, by use of the word "may," leaves it to the discretion of the court (when either fault exists) to determine whether to exercise the power. Thierfeld v. Postman's Fifth Avenue Corporation, D.C., 37 F.Supp. 958, 961. It is a matter about which a judge is compelled to use judgment.

The plaintiff argues that what is embraced in the defense is impertinent. The defendant (brief, p. 4) contends, in effect, that "it is only through an affirmative defense" that the defendant can make the showing he sets up in his defense and that this defense is meritorious.

I deem it unwise at this stage to pass on the controversy. If I should do so it would establish the law of the case. I should regard that as undesirable. I think it preferable that the matter be left for handling at the trial.

At most, according to the plaintiff, what is set out in the defense is merely redundant. On the other hand, if the defendant be correct in believing that it would be prejudiced by the elimination of the defense, obviously it should be retained. Confessedly what is set out in the defense relates to the issues in the case and its retention can do no harm.

Without making any definite ruling now on the point as to whether under the circumstances presented, in order to safeguard its rights, the defendant should be allowed to embody the defense in the answer, the precedents in this court sustain a denial of the motion.

In Hansen Packing Co. v. Armour & Co., D.C., 16 F.Supp. 784, 787, Judge Knox said, in substance, that such a motion as that now under consideration should be denied "unless the allegations [sought to be stricken] have no possible relation to the controversy" or if granting the motion might "prejudice the defendant."

In Frederick W. Huber, Inc., v. Pillsbury Flour Mills Co., D.C., 30 F.Supp. 108, 109, the motion was to strike out certain paragraphs of an answer on the asserted ground, as here, that they failed to state a legal defense. The court, through Judge Goddard, said that what was objected to seemed "to add little, if anything, to the general denial." Yet, with respect to the assailed matter, it was further said, "If redundant, it is not seriously prejudicial and therefore will be allowed to remain."

So also in Thierfeld v. Postman's Fifth Avenue Corporation, D.C., 37 F.Supp. 958, 961, Judge Conger said that "the defense need not be stricken because it might be raised under a general denial."

Judge Campbell of the Eastern District of New York has ruled in accord with the judges of this court. Radtke Patents Corporation v. C. J. Tagliabue Mfg. Co., 31 F.Supp. 226.

Motion denied. Settle order on two days' notice.