## NATIONAL LABOR RELATIONS BOARD v. T. W. PHILLIPS GAS & OIL CO.

### No. 8516.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 4, 1944.

Decided Feb. 29, 1944.

Howard Lichtenstein, of Washington, D. C. (Robert B. Watts, Gen. Counsel, and Joseph B. Robison and Leo J. Halloran, Attys., National Labor Relations Board, all

of Washington, D. C., on the brief), for petitioner.

Nicholas Unkovic, of Pittsburgh, Pa. (John C. Bane, Jr., W. D. Armour, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and John L. Wilson and Rolland L. Ehrman, both of Butler, Pa., on the brief), for respondent.

Before BIGGS, JONES, and GOODRICH, Circuit Judges.

BIGGS, Circuit Judge.

The respondent, T. W. Phillips Gas & Oil Company, is a Pennsylvania corporation which has its principal office and place of business at Butler, Pennsylvania. It is engaged in the business of producing, selling and distibuting natural gas and crude oil. In 1942 it produced natural gas of a value in excess of $3,750,000. At least fifty percent of the gas it produced was transmitted and sold by it to companies engaged in interstate commerce. These companies were American Rolling Mills Company, Pullman-Standard Car Manufacturing Company, Allegheny-Ludlum Steel Corporation, Aluminum Company of America, Carnegie-Illinois Steel Corporation, and United Engineering & Foundry Company. The balance of the gas was transmitted to other gas companies for consumption within Pennsylvania, to the United States Post Office Department, to telephone and telegraph offices, department stores, motion picture theatres and other small commercial and residential consumers, primarily for heating purposes. During 1942 the respondent produced crude oil valued at more than $40,000. About half of this was sold to South Penn Oil Company, Valvoline Pipe Lines Company, and Pennsylvania Refining Company. The other half was sold to Quaker State Refining Corporation which is engaged in interstate commerce. The respondent expends about $100,000 annually for equipment and supplies and about $10,000 of this is sold to it by vendors outside the Commonwealth of Pennsylvania.

■ The respondent contends that there are no facts in the present case which serve to invoke the jurisdiction of the National Labor Relations Board or which are within the purview of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. We do not agree. We need look no further than the decisions of this court in National

Labor Relations Board v. Poultrymen's Service Corporation, 3 Cir., 138 F.2d 204, National Labor Relations Board v. Suburban Lumber Company, 3 Cir., 121 F.2d 829, 833, certiorari denied 314 U.S. 693, 62 S.Ct. 364, 86 L.Ed. 554, and Glen Alden Coal Company v. National Labor Relations Board, 3 Cir., 141 F.2d 47. But if none of the respondent's products went directly into interstate commerce and if none of its supplies came to it from without the State of Pennsylvania we should none the less be required to hold the respondent to be subject to the jurisdiction of the Board and within the purview of the Act for if the respondent failed to deliver gas to any of the companies named in the first paragraph of this opinion who could doubt but that interstate commerce would be substantially affected. See Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; Santa Cruz Fruit Packing Co. v. National Labor Relations Board, 303 U.S. 453, 58 S.Ct. 656, 82 L.Ed. 954; National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 37, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Pueblo Gas & Fuel Co. v. National Labor Relations Board, 10 Cir., 118 F.2d 304; Southern Colorado Power Co. v. National Labor Relations Board, 10 Cir., 111 F.2d 539; National Labor Relations Board v. Hearst, 9 Cir., 102 F.2d 658.

■ The respondent also takes the position that the Board was estopped from considering evidence of alleged unfair labor practices which occurred prior to August 21, 1941, the date of a consent election, as well as evidence of alleged unfair labor practices which occurred prior to December 30, 1942, the date when the original charges made by Local No. 12,201, District 50, were withdrawn. We cannot agree. The National Labor Relations Board possesses judicial as well as administrative functions. Congress has imposed the duties to prevent unfair labor practices which tend to affect interstate commerce. See National Labor Relations Act, 29 U.S.C.A. § 151 et seq. This function is a most important one to be performed by the Board not only administratively but also in its capacity as a quasi-judicial tribunal of the United States. The doctrine of estoppel may not be invoked against the Board so long as it is acting in its administrative or judicial capacity. This is a fundamental concep-

tion of our law. See 31 C.J.S., Estoppel, § 138, and the authorities therein cited. It is clear that in the case at bar the Board was at all times acting in its administrative or judicial capacity in its relation to the respondent. There can be no rule which would restrict the Board from an appropriate inquiry into a pending complaint. Cf. National Labor Relations Board v. Sun Shipbuilding & Dry Dock Co., 3 Cir., 135 F.2d 15, 23. The extent to which the Board may refuse to go into matter raised by a complaint, either because the matter is stale or because it has been satisfactorily concluded theretofore, must rest in the Board's discretion. Cf. Matter of Hope Webbing Company, 14 N.L.R.B. 55, 75; and Matter of Wickwire Bros., 16 N.L.R.B. 316, 325.

■ The respondent also contends that the trial examiner erred in refusing to direct the Board or the Board's counsel to produce (for the use of respondent's counsel in cross-examining witnesses called by the Board in the proceeding here involved) records and pleadings in connection with charges theretofore filed and withdrawn. Admittedly, the particular witnesses had, prior to and in anticipation of the hearing, used statements from the earlier records and pleadings to refresh their recollections. We fail to see how, from this circumstance alone, the trial examiner's action in such regard could be said to amount to error of law. In Goldman v. United States, 316 U.S. 129, 132, 62 S.Ct. 993, 995, 86 L.Ed. 1322, the Supreme Court said, "We think it the better rule that where a witness does not use his notes or memoranda in court, a party has no absolute right to have them produced and to inspect them. Where, as here, they are not only the witness' notes but are also part of the Government's files, a large discretion must be allowed the trial judge." See also Mullaney v. United States, 9 Cir., 82 F.2d 638, 643; United States v. Rosenfeld, 2 Cir., 57 F.2d 74, 76; and Lennon v. United States, 8 Cir., 20 F.2d 490, 493, 494. The respondent concedes this rule but asserts that it is not presently applicable as the cases in which it was followed, as above cited, were criminal cases. The rule can be no less applicable upon the hearing of a complaint in a Labor Board case, where, because of the provisions of the Act (Sec. 10(b), the trier of the facts is permitted a wider discretion than in court trials in that he is not restricted by the rules of evidence prevailing in courts of law or equity. The important thing is that the procedure indicated by the rule, wherever it may reasonably be applied, does not constitute a want of due process.

An examination of the appendices demonstrates that the Board's findings of fact are supported by substantial evidence. It would serve no useful purpose to enlarge upon that evidence in this opinion. It is sufficient to say that the Board was justified in its conclusion that the respondent engaged in unfair labor practices within the meaning of Section 8(1) of the Act, 29 U.S.C.A. § 158(1).

■ The respondent also takes the position that the Board's order was invalid and improper under the Act because it is too comprehensive in nature. An examination of the respondent's conduct, however, leads us to the contrary conclusion. The employees' right to collective bargaining by representatives of their own choosing is implicitly an issue in the present proceeding even though that issue is not explicitly set up in the pleading. It follows that Section 1(a) of the Board's order should be enforced as it is written. It is improbable that the respondent would have embarked upon the course of conduct demonstrated by the record if it had not objected to bargaining with its employees through representatives of their own choosing.

■ The respondent also contends that because the record discloses no alleged unfair labor practices or violations of the Act by it in certain counties of Pennsylvania that the Board should not compel it to post notices in the usual form in its places of business in these counties. This contention cannot be sustained. The conduct of the respondent in respect to its employees may not be treated upon a county basis. There can be little doubt that the employees at the respondent's places of business in the "unaffected" counties were and are cognizant of the nature of the respondent's attitude toward its employees. For this reason it appropriate to cause notices to be published as the Board has ordered.

A decree enforcing the Board's order will be entered upon submission.