George Crompton, Jr., Worcester, Mass., for Wm. L. Drown.

FORD, District Judge.

This petition is plainly brought for purposes of discovery; see Barron and Holtzoff, Vol. 2, § 671; Moore's Federal Practice, 2d Ed., Vol. 4, pp. 1824, 1825; there will be ample time for this; furthermore, there is not any substantial degree of cer-

## UNITED STATES v. SHUBERT et al.

United States District Court
S. D. New York.

March 26, 1953.

See also, 11 F.R.D. 528.

472

Richard B. O'Donnell and Harold Lasser, New York City, for plaintiff.

Lipper, Shinn & Keeley, New York City, for defendant, L. A. B. Amusement Corp.

Klein & Weir, New York City, for defendants, Lee & Jacob J. Shubert and Select Theatres Corp.

SUGARMAN, District Judge.

In its complaint, the United States charges the defendants Lee Shubert, Jacob J. Shubert, Marcus Heiman, United Booking Office, Incorporated, Select Theatres Corporation and L. A. B. Amusement Corporation with violations of Sections 1 and 2 of the Sherman Act,[1] in that, it is alleged, the defendants have been and now are engaged in a combination and conspiracy in restraint of interstate trade and commerce in the production, booking and presentation of "legitimate attractions", i. e., stage attractions performed in person by professional actors. The plaintiff also alleges that the defendants have combined and conspired and attempted to monopolize and have monopolized interstate trade and commerce in the booking of legitimate attractions throughout the United States and in the presentation of legitimate attractions in ten cities in the United States, and threaten to continue such offenses.

The defendants have denied certain of the essential allegations of the complaint and the defendants Lee Shubert and Jacob J. Shubert (hereinafter called the Shuberts) and Select Theatres Corporation (hereinafter called Select) have interposed eight affirmative defenses to the complaint; the defendant L. A. B. Amusement Corporation (hereinafter called L. A. B.) has interposed one affirmative defense, namely, that it is not engaged in interstate commerce.

The eight affirmative defenses of the Shuberts and Select are as follows:

First Defense—I. The business of producing legitimate attractions is not trade or commerce within the scope of the Sherman Act, and Sections 1 and 2 of the Sherman Act are therefore inapplicable.

II. The presentation of a legitimate production is a transaction that is substantially local in character and not within the purview of Sections 1 and 2 of the Sherman Act.

III. The business of booking legitimate attractions for presentation in theatres throughout the United States is not trade or commerce and is substantially local in character. Sections 1 and 2 of the Sherman Act are therefore inapplicable.

These three divisions of the First Defense are further subdivided into paragraphs alleging facts in support of the major divisions of the defense.

Second Defense—I. The acts of defendants have not imposed any unreasonable restraint on interstate trade or commerce; have not resulted in an exclusion or diminution of competition; have not been in furtherance of a conspiracy to monopolize; have not been in furtherance of a combination whose purpose is to effectuate a monopoly; but have only served as protection

1. 15 U.S.C.A. §§ 1 and 2.

in accomplishing legitimate commercial purposes.

This defense is similarly followed by paragraphs alleging facts in support of the defense.

· Third Defense—In brief, this defense alleges that because of the adverse economic conditions affecting the legitimate theatre for the past twenty years, it is impossible for the Shuberts and Select to have committed the offenses charged. Others have abandoned their interests in the theatre because of the continued downward trend of that business and the Shuberts and Select have maintained a place in the theatrical business solely through efficient management. In other words, the reason there is no competition in the theatrical business, assuming such lack of competition, is because of the unprofitableness of entering or remaining in that business, and not, as the complaint charges, because of the activities of the Shuberts and Select.

Fourth Defense—In this defense, the Shuberts and Select contend that the "depression" had threatened a collapse of the theatrical business in general and had forced the Shubert Theatre Corporation into receivership. The Shubert Theatre Corporation had, prior thereto, been one of the two main organizations engaged in booking legitimate productions. The receivers after consultation with the then leading theatrical interests concluded that the theatrical business had expanded beyond the point of profitable return, and that only by the institution of selective processes whereby the theatre-going public in road cities would be insured of seeing worthy theatrical productions, and the creation of a single unified booking company which would be able to most economically supply legitimate attractions for a reduced number of theatres would the theatrical business be able to survive the depression. The receivers thereupon submitted a plan to this court which was judicially approved on June 27, 1932, for the creation of a single, unified booking company which was to be jointly controlled by the receivers and another organization called the "Erlanger Interests". This booking company was subsequently incorporated by the receivers pursuant to said plan, and was and still is named "United Booking Office, Incorporated."

Thereafter, and on April 7, 1933, pursuant to a decree of this court, the interest of the receivers in United Booking Office, Incorporated, was sold at public sale to the defendant Select Theatres Corporation.

The inception of United Booking Office, Incorporated, and the participation of defendants therein was effectuated as a result of factors beyond the control of defendants and with full judicial cognizance that the booking company would, in the future, engage in extensive bookings of theatrical productions throughout the United States, and therefore, as the creation of United Booking Office, Incorporated, and the participation of defendant Select Theatres Corporation therein were achieved with the full consent and approval of this court the plaintiff should be estopped to assert that defendants conspired or attempted to monopolize, combined or attempted to combine to monopolize or have monopolized the booking phase of the theatrical business by engaging in the booking of legitimate attractions for presentation throughout the United States, and, in addition should be estopped to assert that the participation of defendants in said booking as well as the presentation and production phases of the theatrical business violated Sections 1 and 2 of the Sherman Act.

Fifth Defense—I. The booking of legitimate theatrical attractions is an indispensable phase of the theatrical business upon which, to a great degree, depends the financial success of said business. Facts in support of this purported defense are set forth in subdivisions which may be summarized as follows: The position of United Booking Office, Incorporated, in the booking phase of the theatrical business today, is a result of general adverse economic conditions that have been and are presently prevailing in said business and not as a result of any of the activities of defendants to create a monopoly in booking of theatrical attractions

474

or to impose any restraints thereon. Other persons are not found in competition with the defendants in the booking phase of the theatrical business because there is no profit-incentive for anyone to enter the business due to its continuing decline.

The Sixth, Seventh and Eighth Defenses of laches and estoppel, and the six and ten year Statute of Limitations have been withdrawn by the defendants. Had they not been withdrawn, they would have been stricken.[2]

The plaintiff now moves for an order striking all the alleged affirmative defenses as insufficient in law.

Authority for this motion is found in F.R.Civ.P. 12(f), 28 U.S.C.A., which provides in pertinent part:

> "* * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The First, Second, Third and Fifth Defenses of the Shuberts and Select, and the First Defense of L. A. B. are merely specific denials of matters that must be proven on the trial by the plaintiff in making out its *prima facie* case. The matters alleged in support of these denials, although labeled "Defenses", may, if permitted by the trial court, be proven by the defendants under their denials of the allegations of the complaint. At most, their presentation in the answer is subject to attack on the ground of redundancy.

 Absent a showing of prejudice to the plaintiff unless the first three and the fifth defenses are ordered stricken, (and no such showing has been made), the precedents in this court[3] and elsewhere[4] dictate a denial of the motion. Accordingly, the motion to strike the First, Second, Third and Fifth Defenses of the Shuberts and Select, and to strike the First Defense of L. A. B. is denied.

 The Fourth Defense of the Shuberts and Select that the plaintiff is estopped to bring this action by reason of the facts alleged in that defense is clearly insufficient as a matter of law and the motion to strike this Fourth Defense is granted.

> "Those defenses [estoppel, ratification or laches] do not apply to actions brought by the United States in its sovereign capacity where they would frustrate the purpose of its laws or thwart its public policy."[5]

Settle order.

---

2. Dupont De Nemours & Co. v. Davis, 264 U.S. 456, 462, 44 S.Ct. 364, 68 L.Ed. 788; National Labor Relations Board v. T. W. Phillips Gas & Oil Co., 3 Cir., 141 F.2d 304; 31 C.J.S.,Estoppel, § 140 (b), p. 412.

3. Chasan v. Mutual Factors, Inc., D.C. S.D.N.Y., 3 F.R.D. 477.

4. 2 Moore's Fed.Prac., 2d Ed., par. 12.21, p. 2317, et seq.

5. American Surety Co. of New York v. United States, 10 Cir., 112 F.2d 903, 906; see also, National Labor Relations Board v. T. W. Phillips Gas & Oil Co., note 2 supra; 31 C.J.S., Estoppel, § 140(b), p. 412.