**GLATT v. NOTION ACCESSORIES, Inc.**

United States District Court, S. D. New York.

Aug. 24, 1953.

Leo C. Krazinski, New York City, for plaintiff.

Irving Seidman, New York City, for defendant.

SUGARMAN, District Judge.

In an action for patent infringement, plaintiff moves to strike paragraph 6(k) of defendant's answer which reads: ["6. Defendant avers that said Letters Patent No. 2,570,110 and the claims in suit thereof are invalid and void and of no effect in law: * * *"]

"(k) Because during the prosecution of the said application, plaintiff made representations to the United States Patent Office which were not full and complete statements of fact, and were, in fact improper statements of fact, and were made for the purpose of inducing the Patent Office to grant the said Letters Patent No. 2,570,110 to plaintiff.".

Plaintiff contends that defendant by this paragraph pleads fraud in the procurement of his patent and plaintiff urges that this defense is insufficient in law citing, inter alia, Sachs v. Cluett, D.C.S.D.N.Y., 91 F.Supp. 37.

Defendant's attorney in his affidavit on this motion states that paragraph 6(k) does not purport to plead fraud in the Patent Office proceedings as an affirmative defense. He says that these allegations are set forth to protect the defendant's right to prove on the trial that the patent in suit is invalid as lacking in invention because of the prior art known to plaintiff.

This defense of invalidity, because of the prior art, is otherwise adequately pleaded elsewhere in the answer. There-fore, its remaining in the pleading might be objectionable as being redundant.[1]

Assuming such however, in the absence of a showing of prejudice thereby to the plaintiff unless this matter is stricken, the motion will be denied.[2] No such prejudice appears and accordingly the motion is denied.

Settle order.

---

1. Fed.Rules Civ.Proc. rule 12(f), 28 U.S. C.A.

2. Chasan v. Mutual Factors, Inc., D.C.S. D.N.Y., 3 F.R.D. 477; 2 Moore's Fed. Prac., 2d Ed., par. 12.21, p. 2317, et seq.