DOLORES R. AYALA, as Administratrix of the Estate of MARIA AYALA, Deceased, et al., Respondents, *v.* AIRBORNE TRANSPORT INC., Appellant.

First Department, October 13, 1953.

*Charles E. Howell* of counsel (*George W. Clark* on the brief; *Mendes & Mount,* attorneys), for appellant.

*Jerome Golenbock* of counsel (*Golenbock & Komoroff,* attorneys), for respondents.

*Per Curiam.* The four plaintiffs herein, together with a fifth plaintiff, the Public Administrator of the County of New York, brought this action originally as representatives of five passengers in an airplane operated by defendant, which disappeared in the course of a flight. The Public Administrator's cause of

action was severed, granted a preference and tried separately. Asserting that the Public Administrator had failed to establish a prima facie case, the defendant upon that trial rested without introducing any evidence. A verdict and judgment in favor of the plaintiff resulted, which judgment was affirmed by this court (*Mulligan* v. *Airborne Transport*, 280 App. Div. 912) and by the Court of Appeals (305 N. Y. 743).

Thereafter a motion was made on behalf of the four plaintiffs in this case, for an order striking out defendant's answer and directing an assessment of damages on the ground that the judgment in favor of the Public Administrator was *res judicata* on the issue of defendant's negligence. Since the defendant did not plead contributory negligence as an affirmative defense to any of these death actions, plaintiffs contend that all of the issues which defendant would be entitled to litigate in this case, save those involving damages, have been fully litigated in the severed action. Plaintiffs' motion was granted at Special Term and an order has been entered striking defendant's answer and directing an assessment of damages.

The issues in both cases may be identical. However, before the judgment in the first case will operate as an estoppel in the second case, the plaintiffs must also establish that this action is " between the same parties or their privies " (*Rudd* v. *Cornell,* 171 N. Y. 114, 127). Of course, plaintiffs in this case were not parties and took no part in the Public Administrator's action. Also, if the verdict in the latter case had been in favor of the defendant, the present plaintiffs, not having had an opportunity to be heard, would not have been bound by the consequent judgment. The plaintiffs therefore cannot establish mutuality of estoppel, nor is there any showing of privity, derivative or dependent liability (*Elder* v. *New York & Pennsylvania Motor Express,* 284 N. Y. 350; *Bisnoff* v. *Herrmann,* 260 App. Div. 663; *Goodman* v. *Kirshberg,* 261 App. Div. 257)

The present plaintiffs, by dint of the fact that they were once linked as coplaintiffs in the same complaint with the Public Administrator, have tried to weave some ambiguous web of unity with him. A reading of the complaint, however, discloses that there is no privity, nor any relationship akin to privity, among the five original plaintiffs. Furthermore, the order of severance provided not only that the severed actions be tried separately, but that " judgment may be entered in the severed cause of action and the causes of action remaining herein separately and independently of each other ".

The order granting the plaintiffs' motion should be reversed and the motion denied.

Cohn, J. P., Callahan, Breitel, Bastow and Botein, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion denied.