John E. Cone, J.
Defendant Becker Truck Renting Corporation (hereinafter referred to as Becker) moves pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint against it for legal insufficiency.
The complaint, insofar as it is material to the question here involved, alleges in substance that defendant Becker was the owner of a certain truck which it rented to one Paul Hall, as secretary-treasurer of an unincorporated union; (hereinafter referred to as Hall); that while the truck in question was rented out it was involved in an accident in which the plaintiff herein was injured; that at the time of the accident the truck was operated by one James F. Pierce who was in the employ of Hall. It is further alleged that on May 7, 1956, plaintiff obtained and entered a judgment against said Pierce in the Supreme Court of this State in the sum of $10,189 for damages for personal injuries sustained by the plaintiff as a result of the negligent operation of the truck; and that by reason of the provisions of section 59 of the Vehicle and Traffic Law, Becker became liable to the plaintiff herein for the amount of the judgment with interest thereon from the date of entry thereof.
Plaintiff urges that his judgment against Pierce should be collectible against Becker “ because the statute has created a liability on the part of the owner of the motor vehicle who is responsible for the acts and liabilities of any user of said motor vehicle.” In other words, plaintiff urges that the adjudication of negligence in the action brought by him against the driver is res judicata and establishes liability of the owner in this case as *707 a matter of law, even though the defendant owner was not a party to the former action.
There is no merit to plaintiff’s contention (see Haverhill v. International Ry. Co., 217 App. Div. 521, affd. 244 N. Y. 582; Bisnoff v. Herrmann, 260 App. Div. 663; Dunnet v. Levy, 261 App. Div. 295).
In the Haverhill case (supra), the Appellate Division made the following apposite statement (pp. 523-524): “ While an adverse judgment may estop a plaintiff, success against one held liable does not make the judgment conclusive against others sought to be held liable on a similar state of facts, even though it involves the same transaction. The reason for this rule may at times depend on an election, where the plaintiff could have joined all in a single action. (1 Freem. Judg. [5th ed.], § 429.) But more often it depends upon another well-recognized policy of justice, that every man is entitled to his fair day in court to be heard in his own behalf, and control the conduct of the prosecution or defense of the action. Although the plaintiff may be bound by an unsuccessful termination of an action brought against one of several who may be liable, a judgment against one defendant is not conclusive in a separate action brought to trial subsequently against another party, although he was a participant in the same transaction and the evidence will be substantially the same. The new party had no opportunity to defend in the former action. He could neither call witnesses of his own nor cross-examine those of the plaintiff. If the judgment was obtained through vital errors of any nature, he could not take advantage of them by review on appeal. His rights would be entirely at the hazard of the acts of another person, perhaps indifferent and incompetent in maintaining them. This is contrary to sound principles controlling controversies in the courts. Common experience tells us that ‘ It is not at all unusual for two cases arising out of the same transaction to result in different judgments because there is lacking in the one that element of proof which exists in the other ’ (St. John v. Fowler, 229 N. Y., 270, 275). In such cases we return to reliance on the doctrine of privity in its broader sense. In Sturbridge v. Franklin (160 Mass. 149) it is said: 1 It creates no privity between two parties that, as litigants in two different suits, they happen to be interested in proving or disproving the same facts ’ (See, also, Old Dominion, & Co. v. Bigelow, 203 Mass. 159: affid. sub. nom. Bigelow v. Old Dominion Co., 225 U. S., 111).”
Although section 59 of the Vehicle and Traffic Law has created liability of an owner where none existed at common law (Gochee *708 v. Wagner, 257 N. Y. 344; Cherwien v. Geiter, 272 N. Y. 165,169), it is clear, in the light of the foregoing, that the judgment obtained by plaintiff in his action against Pierce and in which defendant Becker was not a party, is not res judicata in the present action.
Accordingly, the instant complaint is legally insufficient and is dismissed as against defendant Becker.
Settle order on notice.