## 524 WEILL v. GOODMAN, SHIRT WAISTS.

MEYER WEILL, Respondent, v. GOODMAN, SHIRT WAISTS, Appellant.

(Supreme Court, Appellate Term,' First Department, February, 1918.)

Services — stipulated price for — contracts — evidence — damages.

> Where plaintiff employed by defendant to audit and super-
> vise its books was permitted so to do until the expiration of
> the contract of employment his claim for the agreed compensa-
> tion cannot be defeated, even though he performs the work
> unskillfully, except by allegation and proof of damages equal
> to the stipulated price for his services.
>
> Finch, J., dissents.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of The Bronx, second district, entered in favor of the plaintiff after a trial before the court without a jury.

Bloomberg & Bloomberg (H. A. Bloomberg, of counsel), for appellant.

Levy & Nemerov (Nathaniel Levy and Joseph Nemerov, of counsel), for respondent.

LEHMAN, J. The plaintiff was employed to audit and supervise the account books of the defendant for one year. It is undisputed that the plaintiff served the full year and kept the books for the defendant without any objection by defendant. He was not dis-charged by the defendant but left voluntarily and the defendant then refused to pay him the stipulated amount for his services claiming that the services had not been properly performed. The trial justice found that the services had been unskillfully and improperly performed but gave judgment in favor of the plaintiff.

It seems to me that this judgment is entirely correct. The defendant had a right to discharge the plaintiff because of his unskillful work but retained him and permitted him to do the work until the end of the term. If the plaintiff's services were unskillfully performed the defendant had a right to counterclaim for consequent damages, but since the contract called for continuous service on the part of the plaintiff and the plaintiff performed these services, even though unskillfully, and was guilty of no willful breach of the contract, of no dishonesty or unfaithfulness to his employer and the defendant accepted the plaintiff's services I do not think that it can defeat the plaintiff's cause of action except by alleging and proving a counterclaim for damages equal to the stipulated price for the services.

Judgment should therefore be affirmed, with twenty-five dollars costs.

Weeks, J., concurs.

Finch, J. (dissenting). This action is for agreed compensation for supervising and keeping the books of the defendant. Plaintiff was engaged under a written contract to audit and supervise the account books of the defendant for one year for a lump sum of $500. The plaintiff spent about one day and a half each week in defendant's place of business. The plaintiff apparently attempted to keep the books himself, as no other bookkeeper was employed. At the close of the year plaintiff voluntarily left. Plaintiff was paid $250 when the year was about half over, and sent a bill for the balance after the year was up, for which balance he now sues.

Both parties treated the contract as an entire one, and the dispute at the trial was what work the plaintiff did. The learned court below indicated his findings

upon the facts, which were "that the books were kept in a miserable condition" and that the plaintiff "assumed to keep a set of books on which he could not tell in any way, shape or manner where he was at." The court, however, found for the plaintiff upon the ground that he had no other recourse since the plaintiff had remained all the year and the defendant had not counterclaimed for any damages.

It is well settled that in a contract of service where the servant has served the full term and there has only been a breach in some particular portion of the contract, which does not go to the essence of the same, the servant may recover the compensation fixed by the contract less such damage as the master may counterclaim for. *Turner* v. *Kouwenhoven,* 100 N. Y. 115; *Sipley* v. *Stickney,* 5 L. R. (N. S.) 469; *Walsh* v. *New York & K. Co.,* 88 App. Div. 477. But this rule has no application where the breach is of such a nature as to go to the very essence of the contract and constitute a total failure of performance. From this record it is impossible to tell what work the plaintiff did perform. The plaintiff was in actual charge of the books and responsible for them. The defendant had no knowledge of bookkeeping and was entitled to rely upon the supposition that the plaintiff was properly performing his duty. When the defendant asked the plaintiff for statements they were not given, but instead excuses were offered. Apparently the defendant did not discover the condition of its books until the termination of plaintiff's employment, and since it is apparent that the defendant left the keeping of the books entirely to the plaintiff such might well be the case. It does not appear from this record that the books were otherwise than useless to the defendant. If the facts are as indicated by the court, it was not a case of a set of books which were improperly kept in some particular, but a

case where the books purporting to be kept were utterly useless, and the learned court below was not obliged, and it was error, to disregard this issue and find for the plaintiff. The defendant is entitled to a trial of the issue as to whether there was a failure of performance upon the part of the plaintiff which went to the essence of the contract. *Turner* v. *Kouwenhoven, supra.*

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Judgment affirmed, with costs.