**BLAKE v. CLYDE PORCELAIN STEEL CORPORATION et al.**

United States District Court
S. D. New York.
March 17, 1945.

See, also, D.C., 7 F.R.D. 768.

Harry Sena, New York City, for plaintiff.

Sydney D. Robins, New York City, for defendants.

CAFFEY, District Judge.

The plaintiff moves to strike out two affirmative defenses raised by the answer.

The action is for commissions or upon a quantum meruit for services rendered in getting customers for products of one or both of the two defendants. Only one defendant (Artkraft) is involved in the present motion.

The defenses sought to be stricken allege that the plaintiff did not efficiently perform his services as agreed and that the defendant (Artkraft) was required to use other persons to obtain contracts; also it is alleged that such defendant was compelled to incur large expense in engaging others to obtain contracts which the plaintiff should have procured and to spend large sums of money in performing the contracts for customers.

Plaintiff makes the objection that what is set up is not properly a defense, but is a

counterclaim. In view of Rule 54(c), Federal Rules of Civil Procedure, 28 U.S.C.A., however, this difference may be overlooked (Cf. last sentence of subdivision (c) of Rule 8 and subdivision (a) of Rule 13).

Nevertheless, the rights of the plaintiff should be safeguarded and, out of abundance of caution, those rights will be adequately protected by preserving to him the privilege of renewing the motion at the trial. Chasan v. Mutual Factors, Inc., D.C. S.D.N.Y., 3 F.R.D. 477.

The plaintiff cites Weill v. Goodman, Shirt Waists, Sup.Ct.App.T. 1st Dept., 102 Misc. 524, 169 N.Y.S. 47; but in the light of the rules I think it does not give him any support.

Motion denied, without prejudice to renewal at the trial.