AUTORIDAD DE TRANSPORTE DE PUERTO RICO, peticionaria, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. PABLO J. SANTIAGO LAVANDERO, JUEZ, demandado; EDELMIRO MARTÍNEZ RIVERA, interventor.

Número 2056.

*Sometido:* 5 de abril de 1954. *Resuelto:* 30 de junio de 1954.

848

*Mariano Acosta Velarde, Elí Beléndez García, Osvaldo de la Luz Vélez,* abogados de la peticionaria; *Edelmiro Vélez, Jr.,* abogado del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

Esta acción se inició el 18 de agosto de 1949. Alegó el demandante ser dueño—con título adquirido por compra e inscrito en el Registro de la Propiedad—y estar en posesión

de una finca que describió en la demanda, dentro de la cual alegó que la American Railroad Company of Porto Rico y Compañía Ferroviaria de Circunvalación de Puerto Rico, [1] contra su expresa voluntad y sin título ni derecho alguno mantenían instaladas, atravesándola de este a oeste, unas vías férreas para el uso de sus trenes, privándole del cómodo uso y disfrute de la misma. Solicitó el demandante que en su día y previo los trámites de ley se dictara una sentencia ordenando a las demandadas levantar y eliminar dichas vías férreas.

Contestaron las demandadas separadamente, solicitando la desestimación de la demanda por no aducir hechos constitutivos de causa de acción, negando general y específicamente los hechos alegados e interponiendo como defensas especiales las de que la Compañía de los Ferrocarriles de Puerto Rico era la dueña en pleno dominio desde 1891 de la parcela donde mantenía instaladas las vías férreas para el uso de sus trenes operados por la American Railroad Company of Porto Rico—que era una corporación de servicio público creada y organizada de acuerdo con las leyes del estado de Nueva York y autorizada para hacer negocios en Puerto Rico—teniendo la totalidad de su capital en acciones la Compañía Ferroviaria de Circunvalación; estando además, inscrita a su favor la concesión de la franquicia del ferrocarril en el Registro de la Propiedad de San Juan. Se alegó, como parte de dichas defensas especiales, que la Compañía de Ferrocarriles de Puerto Rico había estado en la posesión ininterrumpida en concepto de dueña del terreno en que mantenía instaladas sus vías férreas, por más de treinta años, teniendo por tanto título de dominio por prescripción extraordinaria; que la acción estaba prescrita en virtud de las disposiciones del

---

[1] Posteriormente, el 1ro. de marzo de 1950, y a solicitud de la Compañía Ferroviaria de Circunvalación, se ordenó por el tribunal a quo la comparecencia en el pleito de la Compañía de los Ferrocarriles de Puerto Rico. Esta acción del tribunal curó el alegado defecto de parte demandada que tanto la American Railroad Company of Porto Rico como la Compañía Ferroviaria de Circunvalación habían planteado en su contestación.

art. 1863 del Código Civil, por haber transcurrido más de treinta años desde la fecha en que pudo haberse ejercitado, así como en virtud de las disposiciones del art. 1868, inciso primero, del Código Civil, por haber transcurrido más de un año desde que pudo ejercitarse hasta la presentación de la demanda. Cada una de las tres codemandadas hizo la súplica, en su contestación, de que se declarara sin lugar la demanda en todas sus partes y se impusieran costas y honorarios de abogado al demandante.

Establecida así la contienda entre las partes y luego de requerimientos del demandante a las demandadas para la admisión de hechos y las correspondientes contestaciones a los mismos, así como de mutuos interrogatorios entre el demandante y la codemandada Compañía de los Ferrocarriles de Puerto Rico, que fueron oportunamente contestados, finalizó el 8 de mayo de 1953 el juicio que, después de varias suspensiones desde su primer señalamiento, comenzó el 10 de mayo de 1951 ante el entonces Juez del anterior Tribunal de Distrito de Puerto Rico, Sección de San Juan, Rodolfo Ramírez Pabón.

El 2 de abril de 1953 solicitó la Autoridad de Transporte, como cesionaria de todo título o interés sobre las propiedades muebles e inmuebles de las demandadas, ser sustituída en el procedimiento como parte demandada, por ser la única realmente interesada en el pleito. De ahí en adelante continuó la Autoridad de Transporte como demandada, habiendo sido requerida por el demandante para que produjera cierta prueba documental acreditativa del alegado título de las demandadas por expropiación forzosa "a que se ha contraído la prueba de los demandados en este caso", para la continuación del juicio el 8 de mayo de 1953. Terminado el mismo en esta fecha, se concedió por el tribunal treinta días alternados a las partes para someter alegatos.

En la misma fecha en que terminó el juicio, el demandante solicitó, por escrito, que "se ordene el archivo y sobreseimiento de la presente acción por académica, con costas y honorarios

de abogado a las demandadas", por el fundamento de que habiendo sido iniciada su acción con el propósito de imponer a las demandadas la remoción de las vías férreas que tenían instaladas en la finca del demandante, hacía "más de un año que las vías férreas fueron levantadas y removidas por la parte demandada", resultando a su juicio "innecesario continuar ventilando este caso por haber desaparecido, por la voluntad de las demandadas, la causa original de la acción." Entretanto, el 10 de junio, presentó el demandante su memorándum sobre los méritos analizando la prueba por él sometida en cuanto a su título sobre la parcela en que enclavaban las vías férreas, analizando brevemente la prueba de la parte demandada—la que, a su juicio, no probó las pretensiones de su alegado título por expropiación—y argumentando en contra de la alegada prescripción adquisitiva; sosteniendo, de otro lado, que "al levantar y remover voluntariamente las vías férreas en cuestión, pendiente el presente pleito, las demandadas de hecho se allanaron a lo pedido en la demanda, la que [sic] por tal razón han convertido la acción en académica".

El 24 del propio mes de junio presentó su alegato la parte demandada, haciendo también análisis de las cuestiones de hecho y de derecho en el caso. Además, cuestionaron la procedencia de la moción sobre desistimiento del demandante de 8 de mayo de 1953, insistiendo en que "habiéndose alegado en las contestaciones de la demanda (sic) que era su dueña en dominio, por prescripción, de las vías y faja de terreno donde enclavaban las dichas vías férreas y resultando que las demandadas han estado en posesión quieta, pública y pacíficamente a título de dueñas de dicha finca y vías", el tribunal a quo resolviera el caso en sus méritos "en el sentido de que era su dueña en pleno dominio de dichas vías y faja de terreno en donde enclavan por prescripción." (²)

---

(²) El 30 de junio de 1953 la Autoridad de Transporte sometió un memorándum suplementario sobre la moción de desistimiento del demandante solicitando del tribunal a quo "declare sin lugar la moción interpuesta por

Pendiente aún el caso ante el juez que presidió el juicio y a quien fuera sometida la moción del demandante de fecha 8 de mayo de 1953, solicitó éste el 2 de julio del mismo año que se dictara orden "teniéndole por desistido de la presente acción", a lo cual se opuso la demandada Autoridad de Transporte, por escrito presentado el 8 del mismo mes. Dicha moción de desistimiento fué declarada con lugar, luego de una vista el 16 de julio, por un Juez del Tribunal Superior distinto del que presidió el juicio en sus méritos. Su sentencia, al declarar con lugar dicha moción, fué la siguiente:

"La vista de la moción del demandante solicitando orden de desistimiento se celebró el día 16 de julio actual con la sola comparecencia del promovente. La parte demandada no compareció, pero formuló oposición por escrito.

"Este tribunal, vista la Regla 41 (a) (2) de las de Enjuiciamiento Civil y considerando que las vías férreas para cuya remoción se instó el presente pleito, fueron levantadas y removidas voluntariamente por la parte demandada; y entendiendo que no obsta al desistimiento solicitado el haberse celebrado el juicio de este caso en sus méritos, por no haberse dictado sentencia aún concediendo o negando el remedio que se solicita en la demanda, y considerando que no hay solicitud de remedio afirmativo alguno contra el demandante, se declara con lugar la moción del demandante y se ordena el archivo de esta acción por desistimiento voluntario, imponiéndosele las costas al demandante."

Solicitada reconsideración por la demandada, en la que ésta sostuvo la improcedencia de la orden sobre desistimiento por el fundamento de que la misma cuestión se había planteado ante el Juez Rodolfo Ramírez Pabón y se encontraba bajo su consideración y de que, además, el pleito se había convertido, por virtud de la prueba practicada sobre el título de propiedad de la demandada a la parcela y vías, en uno de reivindicación, se declaró aquélla sin lugar el 21 de agosto siguiente.

la parte demandante para que sea archivado este caso a base de que el mismo es académico y que por el contrario se sirva dictar sentencia concediendo el remedio que procede de acuerdo con las alegaciones y la prueba en este caso."

Expedimos el auto de *certiorari* para revisar las actuaciones del tribunal a quo al dar por desistido al demandante de su acción. En su memorándum en apoyo de la expedición del auto—sometido como alegato para los méritos del recurso—sostiene la peticionaria Autoridad de Transporte que el tribunal a quo cometió error y abusó de su discreción al permitir que el demandante desistiera de su acción (1) porque no procede el desistimiento, opuesto por el demandado, si éste levanta en su contestación, o la prueba del caso demuestra, que es acreedor a un remedio afirmativo; (2) porque no procede el desistimiento cuando la totalidad de prueba de ambas partes ha desfilado y el tribunal está en posición de dirimir en definitiva los derechos de las partes y (3) porque el conceder un desistimiento luego de una contestación es cuestión dirigida a la sana discreción del juzgador y el juez que ordenó el desistimiento en este caso carecía de elementos de juicio que le permitieran ejercer sanamente dicha discreción, por no haber oído ni examinado la prueba pasada en juicio y desconocer la controversia que dicha prueba planteaba, sobre todo cuando idéntica moción de desistimiento estaba sometida a la consideración del juez que vió el caso en sus méritos. Veamos.

La Regla 41(*a*)(2) de las de Enjuiciamiento Civil provee que "ninguna acción será desistida a instancias del demandante excepto mediante orden de la corte ([3]) y bajo los términos y condiciones que ella estime procedentes." También dispone que *"Si una reconvención ha sido alegada por un demandado antes de que se le notifique la moción del demandante para desistir, la acción no será desistida contra la objeción del demandado* a menos que la reconvención pueda quedar pendiente para ser adjudicada independientemente

---

([3]) La 41(*a*)(1) de dichas Reglas permite el desistimiento voluntario *sin orden de la corte* "(I) mediante la radicación de un aviso de desistimiento en cualquier fecha antes de que se le notifique la contestación, o (II) mediante la radicación de una estipulación de desistimiento firmada por todas las partes que hayan hecho una comparecencia general en el pleito. ..."

por la corte. A menos que de otro modo se especifique en la orden, un desistimiento bajo este párrafo será sin perjuicio." (Bastardillas nuestras.)

. Si, ante las alegaciones de la demanda, examinamos las contestaciones de las varias demandadas, veremos que bajo la denominación de *Defensas Especiales* se alegó por aquéllas, entre otros extremos, que la Compañía de los Ferrocarriles de Puerto Rico era la dueña en pleno dominio de la parcela en que ésta tenía instaladas las vías férreas que el demandante solicitaba se removieran (1) por haberla adquirido por expropiación en el año 1891 y (2) por prescripción adquisitiva.

· . La anterior alegación participa más bien del carácter de una *reconvención*—Regla 13, *a, b* y *c*—que del de una *defensa afirmativa* de las permitidas por la Regla 8 (*c*), (⁴) pues se trajo a la controversia una reclamación al título mismo sobre la parcela en que enclavaban las vías, y no meramente una defensa contra el hecho de la perturbación alegada por el demandante, trascendiendo las demandadas, por lo tanto, con esa reclamación del derecho al título por expropiación y prescripción, los límites de la acción iniciada por el demandante. Desde ese momento el pleito se tornó en uno sobre aclaración del título de propiedad de la parcela. En efecto, así fué conducido por las partes en todos sus incidentes, hasta la moción de desistimiento. El hecho de que dicha alegación se hubiere titulado por la parte demandada equivocadamente, *defensa* y no *reconvención*, no impedía al tribunal, bajo esta

---

(⁴) Regla 8 (*c*) : "*Defensas Afirmativas.*—Al alegar contra una alegación precedente, la parte expresará afirmativamente cualquiera de las siguientes defensas: transacción y pago, arbitraje y adjudicación, asunción de riesgo, negligencia contributiva, exoneración por quiebra, coacción, *estoppel*, falta de causa, fraude, ilegalidad, daños causados por compañero de trabajo, falta de diligencia (*laches*), licencia, pago, exoneración, cosa juzgada, prescripción, renuncia (*waiver*) y cualquier otra defensa afirmativa. Cualquier circunstancia tendiente a reducir la cuantía de los daños deberá alegarse afirmativamente. Cuando la parte ha titulado equivocadamente una defensa como una reconvención o una reconvención como una defensa, la corte bajo los términos que estime justos considerará la alegación como si hubiese sido correctamente titulada."

última Regla, considerarla como si hubiere sido correctamente titulada, *Thierfeld* v. *Postman's Fifth Avenue Corporation*, 37 F.Supp. 958, ni dictar sentencia, bajo la 54(*c*), concediéndole el remedio a que pudiere tener derecho, de acuerdo con los hechos y la ley, si alguno, aun cuando tal remedio no se hubiere solicitado.([5]) *Schoonover* v. *Schoonover*, (C.A. Okla. 1949) 172 F.2d 526; *Hawkins* v. *Frick-Reid Supply Corp.*, (C.A. Tex. 1946), 154 F.2d 88; *Kansas City, St. L. & C. R. Co.* v. *Alton R. Co.*, (A.A. Ill. 1941), 124 F.2d 780; *Downey* v. *Palmer* (C.A. N.Y. 1940), 114 F.2d 116; *Catanzaritti* v. *Bianco*, 25 F.Supp. 457. *Cf. Blake* v. *Clyde Porcelain Steel Corp.*, 9 F.R.D. 455.

Habiendo la demandada Autoridad de Transporte opuesto objeción al desistimiento de la acción, no procedía dicho desistimiento, como cuestión de derecho—no como cuestión de discreción del tribunal, *Zegarra* v. *Corte*, 66 D.P.R. 148—por disponerlo así la Regla 41(*a*) (2), a menos que la reconvención pudiera quedar pendiente para ser adjudicada independientemente por la corte. Bajo las circunstancias que aquí concurren, el hecho escueto de la remoción de las vías por la demandada—por razones propias, que no implican renuncia a su alegado derecho de propiedad sobre la parcela en que enclavaban—no debe impedir que recaiga sentencia sobre los méritos de su reclamación, sobre todo en vista de que, de hecho, el litigio giró en todos sus trámites, hasta la terminación del juicio—con la activa participación del demandante—alrededor de dicha reclamación.

*La sentencia dando al demandante por desistido de su acción será revocada y el caso devuelto al tribunal de origen*

---

([5]) Regla 54(*c*): *"Solicitud de Sentencia.*—Una sentencia en rebeldía no será de clase diferente ni excederá en cuantía a la que se pida en la solicitud de sentencia. *Excepto en lo que se refiera a una parte contra la cual se haya dictado una sentencia en rebeldía, toda sentencia definitiva concederá el remedio a que tenga derecho* la parte en cuyo favor se dicte, *aun cuando ésta no haya solicitado tal remedio en sus alegaciones."* (Bastardillas nuestras.)

*para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Ásociados Sres. Marrero y Ortiz no intervinieron.