LUIS ANTONIO GONZÁLEZ MUÑIZ, demandante y recurrente, *v.* SUCESIÓN DE SAMUEL MARTÍN QUIÑONES, MARCELINA SANABRIA VIUDA DE MARTÍN, JUAN R. COBIÁN y su esposa MAGALI GUZMÁN, demandados y recurridos.

*Número:* 12326. *Resuelto:* 3 de noviembre de 1961.

---

*Luis A. Negrón López, Luciano Colón Santiago, Ariel Colón Clavell,* abogados del recurrente; *Ubaldo Aponte,* abogado de los recurridos Marcelina Sanabria y la Sucn. de Samuel Martín Quiñones y *Raúl Matos,* abogado de los esposos recurridos Juan R. Cobián y Magali Guzmán.

Sala integrada por el Juez Presidente señor Negrón Fernández, como Presidente de Sala, y los Jueces Asociados señores Blanco Lugo y Dávila.

PER CURIAM: Samuel Martín celebró a fines de diciembre de 1953 un contrato de compraventa con el demandante. Se dieron todos los pasos preliminares para elevarlo a escritura pública. El inmueble objeto del contrato estaba afecto a una hipoteca a favor de la P.R.R.A. y se necesitaba el consentimiento de esa agencia para que el comprador pudiera asumir la deuda. Se solicitó y se obtuvo el consentimiento. Se dieron instrucciones al notario para que preparara toda la documentación. Se convino en firmar la escritura el 30 de diciembre.

El día señalado para la firma Samuel Martín se negó a firmar y le informó al demandante que otra persona la ofrecía $2,000.00 sobre lo que ellos tenían pactado, y que si no le pagaban esa cantidad adicional vendería la finca al otro comprador. El demandante puso en conocimiento de la otra persona la situación existente y el negocio no se consumó.

A fines de enero, Martín conviene con otro colindante en venderle la finca por $1,000.00 más de lo que había convenido con el demandante. La escritura se otorgó el 18 de febrero de 1954. Fue debidamente inscrita.

El demandante inició esta acción en contra de Samuel Martín y su esposa y el comprador Juan R. Cobián el 19 de abril de 1954, para obligar al cumplimiento específico de lo acordado. En agosto de ese año murió Samuel Martín y el pleito se siguió contra sus herederos.

El tribunal de instancia dictó sentencia en contra del demandante y lo condenó a pagar $3,000.00 de honorarios de abogado.

La corte a quo formuló determinaciones en el sentido de que el demandado Samuel Martín y su esposa celebraron un contrato de compraventa con el demandante pero que el otro codemandado no tenía conocimiento de este convenio, siendo por tanto un tercero. Concluye que como la finca está en posesión de un tercero, no procede declarar con lugar la demanda en contra de la Sucesión de Samuel Martín. Ahora, en cuanto a este último hizo las siguientes determinaciones:

"3. Con motivo de una oferta de venta que de dicha finca le había hecho Samuel Martín Quiñones al demandante Luis Antonio González Muñiz, Félix González Muñiz, su hermano y mandatario verbal, visitó el 22 de diciembre de 1953 a Samuel Martín Quiñones en el Hospital Lafayette, Arroyo, donde éste estaba recluido y quien allí y entonces le ofreció de nuevo dicha finca en venta para el demandante, por el precio de $23,000.00, oferta de venta esta última que fue aceptada, conviniéndose entre ambos que la misma no incluía el cosecho de caña en pie en dicha finca que sería recolectado por y para el vendedor, pero sí incluía una cuota proporcional de azúcar que, según acordaron ambos al día siguiente, se fijaría conforme al historial de producción de la finca durante cinco años básicos, y conviniéndose entre ambos, además, que del precio acordado el comprador retendría el importe de la primera hipoteca a favor del Gobierno de los Estados Unidos y el de una segunda hipoteca a favor de Fernando Calimano, y pagaría al vendedor el balance en efectivo.

" . . . . . . . . . . .

"15. Samuel Martín Quiñones y su esposa Marcelina Sanabria se confabularon entre sí para defraudar, como defraudaron, al demandante Luis Antonio González Muñiz en los derechos que éste había adquirido sobre dicha finca al otorgar, como otor-

garon, la expresada escritura número 6 de 18 de febrero de 1954 ante el notario y abogado suyo, el Lic. Tomás Bernardini Palés mediante la cual vendieron dicho inmueble al codemandado Juan R. Cobián por precio de $24,000.00, o sea, por $1,000.00 más que el precio de $23,000.00 en que habían convenido la venta de dicha finca al demandante, ello sin que el codemandado Juan R. Cobián tuviera conocimiento de tal confabulación y fraude durante, antes o después del otorgamiento de dicho instrumento según se establece en la precedente Conclusión de Hecho número 14."

■ Sostiene el apelante que es errónea la determinación que hace el juez de instancia al efecto de que Juan R. Cobián no tenía conocimiento del contrato celebrado entre el demandante y Samuel Martín. Señala, entre otras cosas, aquella parte de la prueba presentada por el demandante al efecto de que en un almuerzo, antes de firmarse la escritura que traspasó el inmueble a Cobián, el demandante le informó del negocio que tenía con Martín y cómo éste pretendió venderle la finca a otra persona. Pero contra esta prueba está la declaración de Cobián, que admite que almorzó con el demandante pero que no hablaron del negocio de la finca. Independientemente del hecho de que juzgando la prueba del caso de autos en primera instancia hubiéramos llegado a una distinta determinación de hechos, lo cierto es que el fallo del juez sentenciador está sostenido por la prueba.

■ Alega el apelante que no proceden honorarios en un caso como éste y que si procedieran, los concedidos son excesivos. Le asiste la razón. Teniendo en cuenta todas las circunstancias que rodean este caso, y especialmente las determinaciones de hechos antes transcritas, la condena por honorarios de abogado no se justifica. La conducta de la parte demandante no revela temeridad y su actuación al iniciar el pleito sólo obedeció al incumplimiento por parte de Martín de las obligaciones que expresamente había pactado. Y en cuanto a Cobián concierne, tampoco puede imputársele temeridad pues razonablemente el demandante podía entender que estaba

enterado de todas las circunstancias que rodearon la transacción que dio margen a este litigio.

■■ Apunta el apelante que el tribunal a quo luego de su determinación al efecto de que Samuel Martín había celebrado un contrato de compraventa con él, debió declarar con lugar la demanda y concederle el remedio a que tenía derecho, específicamente "resarcir al demandante los daños y perjuicios que con tal confabulación y fraude lógicamente causaron". (Alegato, pág. 55.) Invoca la Regla 54(c) de las de Enjuiciamiento Civil de 1943. La dificultad con esta pretensión estriba en que tanto la Regla 54(c) como la 44.3 de las de Procedimiento Civil de 1958, en efecto lo que proveen es que la sentencia se dicte teniendo por base lo probado y no necesariamente lo alegado. *Miranda* v. *Cacho*, 66 D.P.R. 550 (1946); *Autoridad de Transporte* v. *Tribl. Superior*, 76 D.P.R. 847 (1954); *Thomas* v. *Pick Hotels Corporation*, 224 F.2d 664 (10mo. Cir. 1955); *Carter* v. *Baltimore & O. R. Co.*, 152 F.2d 129 (D. C. Cir. 1945); *Long* v. *Lee*, 168 A.2d 536 (Del. 1960); *Magill* v. *Lewis*, 333 P.2d 717 (Nev. 1959); 6 Moore's *Federal Practice* sec. 54.62, págs. 1207 et seq. (ed. 1953); 3 Barron & Holtzoff, *Federal Practice and Procedure*, sec. 1194, pág. 35 (ed. 1958). Como se dijo en Moore, *op. cit.*, a la pág. 1208:

"Aun cuando debe concederse el remedio adecuado, éste no puede incluir un remedio respecto a un asunto que no ha sido alegado ni probado . . ."

En este caso nos encontramos con la dificultad de que no se alegaron ni solicitaron daños, y no hay prueba de clase alguna para poder determinar la cuantía de los sufridos por el demandante, de haber sufrido algunos, como consecuencia del incumplimiento de Samuel Martín.

*Se modificará la sentencia apelada en el sentido de eliminar el pronunciamiento sobre imposición de honorarios de abogado, y así modificada, se confirma.*